# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SCOTT R. KRENZKE, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ZENITH ADMINISTRATORS, )<br>    Defendant. ) | CAUSE NO.: 2:10-CV-472-WCL-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 18], filed by Defendant on June 1, 2011. On June 17, 2011, Plaintiff, *pro se*, filed a response, and on June 30, 2011, Defendant filed a reply. A hearing on the instant Motion was held on September 1, 2011.

### PROCEDURAL AND FACTUAL BACKGROUND

On November 3, 2009, Plaintiff Scott R. Krenzke filed a Complaint in the small claims division of LaPorte Superior Court against Defendant Zenith Administrators that was removed to this Court on December 1, 2010. The Complaint alleges that Zenith did not properly process Krenzke's withdrawals from his annuity and took too long to provide Krenzke with the payments. Krenzke alleges that because of these late payments, he was unable to pay some of his own bills on time, resulting in late fees, a lowered credit score, and loss of eligibility for his expected refinance rate. Defendant filed its amended answer on February 9, 2011.

Krenzke was a participant in the Northwest Indiana District Council of Carpenters Annuity Plan, which merged into the Indiana/Kentucy Regional Council of Carpenters Defined Contribution Pension Plan (the "Fund"). On or about July 20, 2010, Krenzke inquired about making a withdrawal from his account, and an application was forwarded to him by Fund personnel. His application was received in the Fund office on July 28, 2010, but was returned to him on July 30, 2010, because he

had omitted information from the application. On August 6, 2010, the Fund received the completed original application along with a second application requesting a benefit in the form of a monthly payment. Fund personnel requested clarification on the multiple applications and received an email from Krenzke on August 7, 2010, explaining that he wanted a lump sum payment from the Fund and to begin receiving his pension, which was administered by a different entity. On August 10, 2010, Fund personnel replied with the contact information for the entity that administers the pension and requested further clarification on the lump sum application. On August 11, 2010, Krenzke responded by email, reiterating his desire to receive a lump sum payout from the Fund. The Fund office processed the application and forwarded it to the claims payer on August 17, 2010. The claims payer issued a check on August 20, 2010, that was received by Krenzke on August 23, 2010.

Although the instant action was removed to this Court on December 1, 2010, a hearing was held in the small claims division of LaPorte Superior Court on December 3, 2010, and the Court entered a default judgment in the amount of $377.00 in Krenzke's favor due to Zenith's failure to appear. However, this judgment was vacated on December 20, 2010, because the LaPorte Superior Court no longer had jurisdiction over the claims at the time the judgment was entered.

On February 10, 2011, Plaintiff Krenzke orally agreed on the record and on March 9, 2011, Defendant Zenith filed a form of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that

2

there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts

3

to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

ANALYSIS

Zenith argues that Krenzke received the benefit payment that he sought, that all delays were due to his actions, not those of Zenith, and that he received his benefit thirty-four days after he initially requested the application form. Krenzke does not deny that he eventually received the money he requested, but is seeking compensatory relief for the costs and fees he accrued while waiting for it. However, even if Krenzke's benefits had been improperly processed, compensatory damages are not available. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147-48 (1985) ("ERISA, the structure of the entire statute, and its legislative history all support the conclusion that in § 409(a) Congress did not provide, and did not intend the judiciary to imply, a cause of action for extracontractual damages caused by improper or untimely processing of benefit claims."); *see also Harzewski v. Guidant Corp.*, 489 F.3d 799, 804 (7th Cir. 2007) (ERISA "authorizes suits for benefits, just not for damages separate from those benefits; so only extracontractual damages are prohibited. The plaintiffs must therefore show that they are claiming an amount of money to which they are entitled by the plan documents over what they received when they retired and received the money in their retirement accounts.") (quotation and citations omitted); *Northcutt v. GM Hourly-Rate Empl. Pension Plan*, 467 F.3d 1031, 1036 (7th Cir. 2006) (summarizing cases); *Harsch v. Eisenberg*, 956 F.2d 651, 655 (7th Cir. 1992) ("extracontractual compensatory damages, such as those sought by the plaintiffs here, are not available in an action by an individual beneficiary").

Accordingly, there are no disputed facts that could allow Krenzke the recovery he seeks at trial, even holding his *pro se* filings to "'less stringent standards than formal pleadings drafted by lawyers'" in accordance "with the primary goal [of] giv[ing] pro se filings 'fair and meaningful' consideration." *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 858 (7th Cir. 2011) (quoting

*Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989); other citations omitted).

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment [DE 18]. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Zenith Administrators and against Plaintiff Scott R. Krenzke.

The Court hereby **VACATES** all future deadlines and settings in this case.

SO ORDERED this 29th of September, 2011.

s/ Paul R. Cherry<br>
MAGISTRATE JUDGE PAUL R. CHERRY<br>
UNITED STATES DISTRICT COURT

cc: All counsel of record
    Plaintiff, *pro se*